IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **NORTHWEST ENVIRONMENTAL ADVOCATES,** an Oregon non-profit corporation,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**<br><br>　　　　　　　　　Defendant. | NO. 20-cv-01362-MJP<br><br>**JOINT STATUS REPORT & DISCOVERY PLAN** |

　　　　Pursuant to the Court's Order of October 19, 2020 (Dkt. No. 6), plaintiff Northwest Environmental Advocates ("NWEA") and defendant United States Environmental Protection Agency ("EPA") (collectively, "the Parties") hereby submit the following joint status report and discovery plan.

　　　　**1.　　Statement of Nature and Complexity of the Case**

　　　　The Clean Water Act requires each state to develop, and every three years review and update if appropriate, water quality standards to "protect the public health or welfare[.]" 33 U.S.C. §§ 1313(c)(1), 1313(c)(2)(A). During this process, known as "triennial review," states must adopt water quality criteria—part of a water quality standard—for toxic pollutants for which

JOINT STATUS REPORT & DISCOVERY
PLAN - 1

EPA has published recommended criteria. *Id.* § 1313(c)(2)(B). Plaintiff alleges that when a state fails to meet these requirements, or when EPA determines that a state's standards are inadequate, EPA must promulgate standards for the state's waters. *Id.* §§ 1313(c)(3), (4).

On October 28, 2013, NWEA submitted a Petition to EPA pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 553(e) and 555(e), requesting that EPA: (1) determine that Washington has failed to adopt aquatic life criteria as required by Clean Water Act section 303(c)(2)(B) in each triennial review of its water quality standards conducted since 1992; and (2) promulgate federal regulations applicable to Washington, pursuant to Clean Water Act section 303(c)(4), setting forth new and revised aquatic life criteria for toxic pollutants as necessary to meet the Clean Water Act's requirements. On May 31, 2017, EPA denied NWEA's Petition. NWEA's lawsuit involves a single claim against EPA, challenging EPA's denial of NWEA's Petition and alleging that the denial was arbitrary and capricious, an abuse of discretion, and/or not in accordance with the law, within the meaning of APA section 706, 5 U.S.C. § 706(2)(A).

**2.    Deadline for Joining Additional Parties**

The Parties do not expect to join further parties. The Parties propose January 13, 2020 as the deadline for joining parties.

**3.    Whether the Parties Consented to a Magistrate**

One or more of the Parties have not consented to a magistrate.

**4.    Discovery Plan Stating by Corresponding Paragraph Letter the Parties' Views and Proposals on All Items Set Forth in Fed. R. Civ. P. 26(f)(3)**

**(A)    initial disclosures**

The Parties agree that this case is exempt from Initial Disclosures because this is an action for review on an administrative record.

**(B)    subjects, timing, and potential phasing of discovery**

The Parties agree that discovery is not needed for the issue of liability, which will be determined based on EPA's administrative record. However, Plaintiffs may wish to take written discovery related to remedy. Plaintiff does not anticipate the need for depositions. EPA anticipates opposing any request for discovery.

At their Fed. R. Civ. P. 26(f) conference held on November 13, 2020, the Parties agreed that the most efficient path forward for the case as whole would be to treat it provisionally as one for which discovery will not be needed, and which may be disposed of on the basis of an administrative record. Under this approach, EPA will provide an administrative record for judicial review at the time it files an Answer to Plaintiffs' Complaint. At that time, NWEA will review the record and then confer with EPA regarding whether NWEA would intend to seek to amend or supplement the record or seek discovery related to remedy. The Parties will jointly submit a proposed schedule for further proceedings concerning the administrative record and/or discovery within approximately 30 days following EPA's submission of the administrative record.

The Parties anticipate that the case is likely to be resolved without a trial. Accordingly, within approximately 30 days following EPA's submission of the administrative record or the Court's ruling on any dispositive motion filed by EPA, the Parties will jointly submit a proposed schedule for any briefing on the record or for discovery, and for summary judgment.

**(C)  electronically stored information**

See Paragraph 4(B), above.

**(D)  privilege issues**

See Paragraph 4(B), above.

**(E)  proposed limitations on discovery**

See Paragraph 4(B), above.

JOINT STATUS REPORT & DISCOVERY PLAN - 3

**(F)** the need for discovery related orders

See Paragraph 4(B) above).

**5. The Parties' Views, Proposals, and Agreements, by Corresponding Paragraph Letters on All Items Set Forth in Local Civil Rule 26(f)(1):**

The Parties do not believe that the complexity of the case warrants a schedule at this time for discovery or case management, but will alert the Court if the need for such conferences arises in the future.

**(A) prompt resolution of the case**

The Parties believe that the case is likely to be resolved without a trial. *See* Paragraph 4(B), above.

**(B) alternative dispute resolution**

At this time, the Parties do not intend to participate in alternative dispute resolution. The Parties believe that the case is likely to be resolved by motion.

**(C) related cases**

There are no related cases.

**(D) discovery management**

See Paragraph 4(B), above. This case is exempt from initial disclosures and NWEA will not seek discovery (if at all) until after EPA files the administrative record and the Parties have met and conferred.

**(E) anticipated discovery sought**

See Paragraph 4(B), above. In the event that NWEA might seek discovery, it would be limited to remedy. EPA anticipates opposing any request for discovery.

**(F) phasing motions**

See Paragraph 4(B), above.

JOINT STATUS REPORT & DISCOVERY PLAN - 4

      **(G)     preservation of discoverable information**

See Paragraph 4(B), above. The Parties are not aware of any issues relating to the preservation of discoverable information.

      **(H)     privilege issues**

See Paragraph 4(B), above. To the extent it may be appropriate for the Parties to address privilege issues, they will meet and confer after EPA has filed the administrative record.

      **(I)     Model Protocol for Discovery of ESI**

See Paragraph 4(B), above. To the extent it may be appropriate for the Parties to adopt the Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation ("Model Protocol"), they will meet and confer after EPA has filed the administrative record.

      **(J)     alternatives to Model Protocol**

See Paragraphs 4(B) and (I), above.

**6.     The Date by Which Discovery Can Be Complete**

See Paragraph 4(B), above.

**7.     Whether the Case Should Be Bifurcated by Trying the Liability Issues Before the Damages Issues or Bifurcated in Any Other Way**

At this time, the Parties do not propose to bifurcate the case. As stated in Paragraph 4(B), above, the Parties intend to submit a briefing schedule, which could address bifurcation to the extent that either party believes it to be appropriate.

**8.     Whether the Pretrial Statements and Pretrial Order Called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 Should Be Dispensed with in Whole or in Part for the Sake of Economy**

See Paragraph 4(B), above. In the event that this case is not fully resolved on motions, the Parties will meet and confer concerning whether pretrial statements and the pretrial order may be dispensed with.

JOINT STATUS REPORT & DISCOVERY
PLAN - 5

**9. Any Other Suggestions for Shortening or Simplifying the Case**

See Paragraphs 4(B), above. The Parties do not have other suggestions at this time.

**10. The Date the Case Will Be Ready for Trial**

As noted above, the Parties anticipate that the case is suitable for resolution without trial. However, if the case is not resolved by dispositive motion, the Parties anticipate that the trial date will depend on the briefing schedule and whether discovery is sought.

**11. Whether the Case Will Be Jury or Non-Jury**

As noted above, the Parties anticipate that the case is suitable to resolution without a trial. If the Court determines otherwise, the case will be non-jury.

**12. The Number of Trial Days Required**

As noted above, the Parties anticipate that the case is suitable to resolution without a trial. If the Court determines otherwise, the Parties will recommend the number of trial days at that time.

**13. The Names, Addresses, and Telephone Numbers of All Trial Counsel**

For NWEA:

Lia Comerford
Earthrise Law Center at Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219
Tel: 503-768-6823

Bryan Telegin
Bricklin & Newman, LLP
1424 4th Avenue, Suite 500
Seattle, WA 98101
Tel: 206-264-8600

For EPA:

Elisabeth H. Carter
U.S. Dept. of Justice
Environmental Defense Section
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: 202-598-3141

Michele L. Walter
U.S. Dept. of Justice
Environmental Defense Section
Environment & Natural Resources Division
999 18th St., South Terrace – Suite 370

JOINT STATUS REPORT & DISCOVERY PLAN - 6

Denver, CO 80202
Tel: 303-844-1345

### 14. The Dates on Which Trial Counsel May Have Complications to Be Considered in Setting a Trial Date

None at this time.

### 15. Service on Defendants

EPA, the only defendant in this case, has received service.

### 16. Whether Any Party Wishes a Scheduling Conference Before the Court Enters a Scheduling Order in this Case

No. In accordance with Paragraph 4(B), above, the Parties propose the following dates be entered in the Court's scheduling order:

EPA's deadline to respond to the Complaint and submit the Administrative Record is December 16, 2020, as set by the Court's November 2, 2020 Order. Dkt. No. 9.

EPA will be seeking an extension of the date for filing its response to Plaintiff's Complaint, from December 16, 2020, to January 13, 2021. If EPA files an Answer with the Administrative Record on or before the date its response to Plaintiff's Complaint is due, the Parties will meet and confer and file a proposed schedule for further proceedings on or before 30 days after EPA files its Answer and Administrative Record. Such schedule will include a proposed briefing schedule and any further proceedings related to the administrative record or discovery.

If EPA files a dispositive motion on or before the due date for its response to Plaintiff's Complaint and the Court denies such motion, the Parties will jointly submit a proposed schedule for further proceedings within 30 days of when the Court rules on EPA's Motion and such

proposed schedule will address whether filing of the administrative record and/or discovery is necessary.

**17.   List of Dates when Each Non-Governmental Corporate Party Filed Its Disclosure Statement**

Plaintiff NWEA is the only non-governmental corporate party in this case. NWEA filed its disclosure statement on September 16, 2020. Dkt. No. 2.

DATED this 30th day of November, 2020.

                              Respectfully submitted,

                              EARTHRISE LAW CENTER

By:      s/ *Lia Comerford*
          Lia Comerford, *pro hac vice*
          Lewis & Clark Law School
          10101 S. Terwilliger Blvd.
          Portland, OR 97219
          Telephone: (503) 768-6823
          Fax: (503) 768-6642
          E-mail:comerfordl@lclark.edu

BRICKLIN & NEWMAN, LLP

By:      s/ *Bryan Telegin*
          Bryan Telegin, WSBA No. 46686
          1424 Fourth Avenue, Suite 500
          Seattle, WA 98101
          Telephone: (206) 264-8600
          Fax: (206) 264-9300
          E-mail: telegin@bnd-law.com

*Counsel for Plaintiff Northwest Environmental Advocates*

JONATHAN BRIGHTBILL
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

JOINT STATUS REPORT & DISCOVERY
PLAN - 8

|   |   |
|---|---|
| 1 | s/ *Elisabeth H. Carter* |
| 2 | ELISABETH H. CARTER |
|   | Environmental Defense Section |
| 3 | P.O. Box 7611 |
|   | Washington, D.C. 20044 |
| 4 | 202-598-3141 |
|   | Elisabeth.carter@usdoj.gov |

s/ *Elisabeth H. Carter*
ELISABETH H. CARTER
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
202-598-3141
Elisabeth.carter@usdoj.gov

s/ *Michele L. Walter*
MICHELE L. WALTER
Environmental Defense Section
999 18th Street, Suite 370 – South Terrace
Denver, CO 80202
303-844-1345
Michele.walter@usdoj.gov

BRIAN T. MORAN
United States Attorney
BRIAN KIPNIS
Assistant United States Attorney
for the Western District of Washington
5220 United States Courthouse
700 Stewart Street, Suite 5220
Seattle, WA 98101
206-553-7970
brian.kipnis@usdoj.gov

*Attorneys for Defendant*