UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>  Defendant. | CASE NO. C20-1362 MJP<br><br>ORDER DENYING JOINT MOTION TO STAY |

This matter comes before the Court on the Parties' Joint Motion for a 60-Day Stay of the Court's Order Pending Appeal and the Parties' Response to the Court's Order to Show Cause. (Dkt. Nos. 66, 68.) Having considered the Motion and Response, the Court DENIES the Motion.

**BACKGROUND**

The Court granted in part Plaintiff's Motion for Summary Judgment, setting aside the EPA's denial of Plaintiff's petition and remanding the matter to the EPA for a "necessity

determination" under the Clean Water Act within 180 days of the Order. (Dkt. No. 57 ("Order").) Defendant then appealed the Court's Order and the appeal remains pending. (Dkt. No. 64.) The parties now ask the Court to "extend the date for EPA's compliance by 60 days, until August 26, 2022." (Joint Mot. at 1 (Dkt. No. 66).) The Parties assert that additional time is needed to allow them to "continue discussing a potential resolution." (Id. at 2.)

After reviewing the Joint Motion, the Court issued an Order to Show Cause as to how the Court has jurisdiction over the request. (Dkt. No. 67.) In response, the Parties cite to Fed. R. Civ. P. 62(d) and other cases which explain that a district court retains jurisdiction to alter or amend an order granting injunctive relief while an appeal is pending. (Dkt. No. 68.)

**ANALYSIS**

The Court reviews the question of jurisdiction before assessing the merits of the Parties' request.

**A.     Jurisdiction**

The Court finds that it has jurisdiction over the request despite the pending appeal.

"Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." Nat. Res. Def. Council, Inc. v. Sw. Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001). But there are exceptions to this judge-made rule. As is relevant here, a district court retains jurisdiction to modify an order granting injunctive relief. See id.; Fed. R. Civ. P. 62(d). At first blush, this Rule seemingly has no application here because the Court's Order on appeal did not enjoin Defendant and Plaintiff never sought injunctive relief. But that is not the end of the inquiry because an order on summary judgment may nonetheless be injunctive.

"The three fundamental characteristics of an injunction are that it is (1) directed to a party, (2) enforceable by contempt, and (3) designed to accord or protect some or all of the

substantive relief sought by a complaint in more than [temporary] fashion." In re Lorillard Tobacco Co., 370 F.3d 982, 986 (9th Cir. 2004) (quotation and citation omitted). Although the Parties failed to brief this issue or standard, the Court finds that all three elements apply to the Court's Order. The Order directs the EPA, a party, to engage in the necessity determination process as mandated by the Clean Water Act, which was the relief Plaintiff sought in the complaint. And the Order is enforceable by contempt. See Sierra Club v. Ruckelshaus, 602 F. Supp. 892, 901-03 (N.D. Cal. 1984), amended, (N.D. Cal. Sept. 17, 1984) (finding the EPA and the EPA Administrator in contempt). The Court is therefore satisfied that the Order affords injunctive relief and that the Court has jurisdiction to entertain a modification to the Order under Rule 62(d).

**B.      No Basis to Extend Compliance**

The Parties have failed to demonstrate a valid basis to support any extension to the date by which the EPA must make a necessity determination.

The Parties argue that the Court should extend the EPA's compliance date by 60 days to allow the Parties to "continue discussing a potential resolution." (Resp. to OSC at 2 (Dkt. No. 68).) While the Court is encouraged by the Parties' willingness to discuss a settlement, that alone does not justify any alteration to the Court's Order or a stay. The Court's decision to require the EPA to make a necessity determination within 180 days (as demanded and argued by Plaintiff) reflects the need for expediency in the face of a record of unjustified delay. The record on summary judgment strongly suggests that further delay would not be in the public interest or abide by the Clean Water Act. The Parties' Motion does not even explain why the additional time is necessary for them to reach a settlement under the existing timeline for the EPA's compliance. On this record, the Court finds no basis on which to alter or stay the Court's Order.

The Court DENIES the Motion. But the Court's denial is without prejudice. Should the Parties renew their request, they must brief the applicable legal standards (something their motion fails to do) and address the Court's concerns outlined in this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 2, 2022.

Marsha J. Pechman
United States Senior District Judge