1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
9                                   AT SEATTLE

10   NORTHWEST ENVIRONMENTAL              CASE NO. C20-1362 MJP
     ADVOCATES,
11                                        ORDER DENYING JOINT
                         Plaintiff,       MOTION UNDER FED. R. CIV. P.
12                                        60(B)(6)
            v.
13
     UNITED STATES
14   ENVIRONMENTAL PROTECTION
     AGENCY,
15
                         Defendant.
16

17

18          This matter comes before the Court on the Parties' Joint Motion Under Fed. R. Civ. P.

19   60(b)(6). (Dkt. No. 70.) Having considered the Motion and all supporting materials, the Court

20   DENIES the Motion.

21                                     **BACKGROUND**

22          The Court granted in part Plaintiff's Motion for Summary Judgment, setting aside the

23   EPA's denial of Plaintiff's petition and remanding the matter to the EPA for a "necessity

24

1    determination" under the Clean Water Act within 180 days of the Order. (Dkt. No. 57

2    ("Order").) Defendant then appealed the Court's Order and the appeal remains pending. (Dkt.

3    No. 64.) The Parties previously moved for stay of the 180-day compliance deadline, which the

4    Court denied without prejudice. (Dkt. No. 69.) The Parties now "move this Court under Federal

5    Rule of Civil Procedure 60(b)(6) to extend the deadline in its Order for EPA to act from 180 days

6    to 240." (Joint Mot. at 2 (Dkt. No. 70).) The Parties maintain that they require a 60-day extension

7    of EPA's deadline so that they can finalize "an agreement in principle that will benefit the public

8    interest and advance the protection of aquatic life in Washington." (Id.) According to the Motion,

9    the Parties also need additional to obtain "necessary internal approvals from senior federal

10   officials." (Id.)

11                                          **ANALYSIS**

12           The Court reviews the question of jurisdiction before assessing the merits of the Parties'

13   request.

14   **A.      Jurisdiction**

15           The Court finds that it has jurisdiction over the request despite the pending appeal to

16   make modifications under Rules 60 and 62.

17           "Once a notice of appeal is filed, the district court is divested of jurisdiction over the

18   matters being appealed." Nat. Res. Def. Council, Inc. v. Sw. Marine Inc., 242 F.3d 1163, 1166

19   (9th Cir. 2001). But there are exceptions to this judge-made rule. As is relevant here, a district

20   court retains jurisdiction to modify an order granting injunctive relief. See id.; Fed. R. Civ. P.

21   62(d). At first blush, this Rule seemingly has no application here because the Court's Order on

22   appeal did not enjoin Defendant and Plaintiff never sought injunctive relief. But that is not the

23   end of the inquiry because an order on summary judgment may nonetheless be injunctive.

24

ORDER DENYING JOINT MOTION UNDER FED. R. CIV. P. 60(B)(6) - 2

1    "The three fundamental characteristics of an injunction are that it is (1) directed to a

2    party, (2) enforceable by contempt, and (3) designed to accord or protect some or all of the

3    substantive relief sought by a complaint in more than [temporary] fashion." In re Lorillard

4    Tobacco Co., 370 F.3d 982, 986 (9th Cir. 2004) (quotation and citation omitted). Although the

5    Parties failed to brief this issue or standard, the Court finds that all three elements apply to the

6    Court's Order. The Order directs the EPA, a party, to engage in the necessity determination

7    process as mandated by the Clean Water Act, which was the relief Plaintiff sought in the

8    complaint. And the Order is enforceable by contempt. See Sierra Club v. Ruckelshaus, 602 F.

9    Supp. 892, 901-03 (N.D. Cal. 1984), amended, (N.D. Cal. Sept. 17, 1984) (finding the EPA and

10   the EPA Administrator in contempt). The Court is therefore satisfied that the Order affords

11   injunctive relief and that the Court has jurisdiction to entertain a modification to the Order under

12   Rule 62(d). And the Court agrees that it also has authority under Rule 60(b) to modify the order

13   pending appeal. See Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 880

14   (9th Cir. 2000) (finding it "irrelevant" that a request to modify a preliminary injunction was

15   characterized as a motion under Rule 60(b) or Rule 62).

16   **B.      Request for Extension under Rule 60(b)(6)**

17          In their renewed Motion, the Parties newly invoke Rule 60(b)(6) as the basis for their

18   request for a 60-day extension of EPA's compliance, though they fail to brief the full standard.

19          "A party seeking relief under Rule 60(b)(6) must satisfy three requirements." Bynoe v.

20   Baca, 966 F.3d 972, 979 (9th Cir. 2020). The three requirements are: (1) the motion cannot be

21   premised on another ground delineated in Rule 60; (2) it must be filed within a reasonable time;

22   and (3) it must demonstrate "extraordinary circumstances" justifying reopening the judgment. Id.

23   (citation and quotation omitted). "Extraordinary circumstances occur where there are "other

24

1    compelling reasons" for opening the judgment." Id. (quoting Klapprott v. United States, 335 U.S.

2    601, 613 (1949)). "In considering whether there is an 'extraordinary' circumstance for purposes

3    of a Rule 60(b)(6) motion, we consider a number of factors, including the degree of connection

4    between the extraordinary circumstance and the decision for which reconsideration is sought."

5    Mitchell v. United States, 958 F.3d 775, 786 (9th Cir.), cert. denied, 141 S. Ct. 216 (2020)

6    (citation and quotation omitted). "[T]he decision to grant Rule 60(b)(6) relief is a case-by-case

7    inquiry that requires the trial court to intensively balance numerous factors, including the

8    competing policies of the finality of judgments and the incessant command of the court's

9    conscience that justice be done in light of all the facts." Phelps v. Alameida, 569 F.3d 1120, 1133

10   (9th Cir. 2009).

11          The Parties have failed to satisfy all three elements of Rule 60(b)(6), which the Court

12   reviews.

13          As to the first element, the Court is satisfied that the request is not premised on any other

14   ground in Rule 60.

15          As to the second element, the Court finds limited, but sufficient evidence that the request

16   is timely. The Parties asked the Court to modify the Order roughly five weeks before the

17   deadline for compliance. (See Order on Cross-Motions for Summary Judgment (Dkt. No. 57)

18   (setting June 27, 2022 as the compliance deadline); (Joint Motion to Stay (Dkt. No. 66) (filed

19   May 20, 2022).) This shows timeliness. But the Court cannot overlook the fact that the Parties

20   fail to explain when they began to negotiate a settlement. And the supporting declaration from

21   Deborah G. Nagle provides no indication that EPA has done anything to comply with the Court's

22   Order. (Dkt. No. 70-1.) Instead, the Declaration speaks only in the conditional about what EPA

23   "would" or could" do to make the necessity determination not what affirmative actions have

24

ORDER DENYING JOINT MOTION UNDER FED. R. CIV. P. 60(B)(6) - 4

1  been taken to date. (Id.) Notwithstanding this record of relative inaction, the Court finds the

2  present request timely.

3         As to the third element, the Court finds no "extraordinary circumstances" that might

4  support the requested relief. The Parties fail to brief the relevant standard, citing only one

5  Supreme Court case without providing any analysis specific to the facts of this case. (Mot. at 4.)

6  On the merits, the Parties claim that "[t]he circumstances here are extraordinary because the

7  parties will be unable to put th[e settlement] agreement into place—and EPA may be forced to

8  seek relief from the Court of Appeals—absent a minor modification of the Order under Rule

9  60(b)(6)." (Mot. at 4.) The fact that the Parties are actively discussing settlement of EPA's

10  appeal is hardly extraordinary. Nor is it extraordinary that the Parties will have to file briefing in

11  the pending appeal. That is, after all, the purpose of an appeal. Nor is it extraordinary that EPA

12  may have to expend its resources working on the necessity determination, given that this falls

13  within the scope of its administrative responsibilities under the Clean Water Act. And if the

14  purpose of the extension is merely to obtain approval from federal officials of the settlement in

15  principle, the Parties fail to explain why this is an "extraordinary circumstance" or why it cannot

16  occur before June 27, 2022.

17         On this record, the Court DENIES the Motion under Rule 60(b)(6).

18                                   **CONCLUSION**

19         Under the Rule invoked by the Parties, they must and have not identified extraordinary

20  circumstances that might support the requested modification of the Court's Order. So while the

21  Court has jurisdiction over the request, it DENIES the Motion on the record before it.

22         \\

23         \\

24

The clerk is ordered to provide copies of this order to all counsel.

Dated June 21, 2022.

Marsha J. Pechman
United States Senior District Judge